UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN MICHEL GONZALEZ PAYO (A-213-215-896),[1]<br>Petitioner,<br>v.<br>WARDEN, CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-6211 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Yan Gonzalez Payo (A-213-215- 896), a native of Cuba who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering respondents to provide petitioner with a bond hearing.

///

[1] Immigration records reflect petitioner's name as Yan Michel Gonzalez Payo. (ECF No. 6 at 4.) Petitioner's RAP sheet reflects multiple aliases. (ECF No. 6 at 10.) Petitioner also has a second alien number, A-220-829-395. (ECF No. 6 at 20-21.)

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. BACKGROUND[3]

Petitioner entered the United States without inspection on March 12, 2020. (ECF No. 6 at 4.) On April 26, 2026, petitioner was detained by immigration authorities. (ECF No. 1 at 5.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id. at 8.) Respondents do not contest petitioner's factual allegations, but add that petitioner has criminal history, citing petitioner's RAP sheet. (ECF No. 6 at 1-2; 15-17.)

On August 5, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On August 14, 2026, respondents timely filed an answer. (ECF No. 6.) Petitioner did not file a reply. (See Docket.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding

---

[3] Petitioner filed a verified habeas petition. (ECF No. 1 at 9.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

pro se and pro se pleadings are liberally construed, the Court construes his first claim as challenging the statutory basis for his detention, and not limited to a claim challenging his detention as prolonged (claim two). (See ECF No. 1.) The Court also notes that respondents did not address prolonged detention in their response, and are therefore not prejudiced by the Court's construction. (See ECF No. 6.) Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b). (ECF No. 6 at 2.) Respondents point out that petitioner has criminal history. (Id. at 1.) Respondents cite Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b) is applicable here. (Id. at 2.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id.)

Respondents acknowledge that "this case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing." (Id. at 1 (citing Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026)). The Court interprets respondents' acknowledgment to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[4] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

In Rodriguez Vazquez, the Ninth Circuit rejected respondents' § 1225(b) argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden,

[4] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b) fails, and pursuant to Rodriguez Vazquez and based on respondents' acknowledgment, the Court recommends granting the petition and ordering respondents to provide petitioner with a bond hearing.

**IV. PETITIONER'S REMAINING CLAIM**

In the petition, petitioner also raises a due process claim alleging he has been subject to prolonged detention (claim two). (ECF No. 1 at 7.) Because the Court recommends granting the petition on the statutory claim (claim one), the Court need not address any additional claim (claim two) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG,

2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to petitioner's statutory claim (claim one).

**V. CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim (claim one).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on petitioner's statutory claim (claim one).
2. Respondents be ordered to provide petitioner with a bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations. Respondents must provide notice to petitioner and if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing.
3. Given petitioner's pro se status, respondents be directed to file, within **seven days** of after the bond hearing, a status report addressing petitioner's status.
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that

///

///

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/gonz6211.157.2241.imm.BOND