UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN MICHEL G.P.,[1] Petitioner, v. WARDEN, CHRISTOPHER CHESTNUT, et al., Respondents. | No. 1:26-cv-6211-TLN-CSK<br>A# 213-215-896<br>**RELEASE ORDER** |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 16, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 8.) Respondents filed objections to the findings and recommendations "for the reasons stated in their opposition." (ECF No. 9.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. However, the Court finds the appropriate relief is Petitioner's immediate release from custody, rather than the bond hearing recommended by the magistrate judge. (*See* ECF No. 8 at 5.)

"Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004)); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the traditional function of the writ is to secure release from illegal custody."); *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023) ("the history of habeas corpus demonstrates why release from confinement is the only available remedy for claims at the writ's core[.]"). This Court has routinely ordered the release of individuals detained in violation of the Immigration and Nationality Act ("INA"). *See*, *e.g.*, *Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *2–3 (E.D. Cal. Apr. 16, 2026) (ordering release where petitioner's detention violated the INA); *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (same); *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO, 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) (same).

As the magistrate judge correctly found, Petitioner's civil immigration detention is governed by 8 U.S.C. § 1226(a). (ECF No. 8 at 3–4.) Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Yet, Respondents have provided no such custody hearing in nearly five months of detention. (*See* ECF No. 1, 6.) Respondents also do not contend that Petitioner is a flight risk or danger to the community. (*See* ECF No. 6.) Therefore, the Court sees no reason to deviate from the relief it has granted myriad analogous petitioners. Based on the statutory violation here,

continuing for many months of detention, the appropriate remedy in this case is not to bring the government into conformity with its governing statutes, it is to release Petitioner from unlawful custody. *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2–3 (E.D. Cal. Aug. 10, 2026) (ordering immediate release where respondents failed to comply with § 1226(a) procedural requirements and collecting cases); *Dinesh S.*, 2026 WL 1028016, at *3 (citing *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D.W. Va. Feb. 4, 2026) (ordering release and rejecting the government's argument that a bond hearing is the appropriate remedy)).

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 8) are ADOPTED IN PART.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED on the statutory claim (claim one).

3. Respondents must IMMEDIATELY RELEASE Petitioner Yan Michel G.P. (A# 213-215-896) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall file a **notice of compliance** with this provision of the Order no later than **September 25, 2026**.

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5. The Clerk of Court is directed to serve this Order on **California City**.

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 22, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE